United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Darling Perdomo Maldonado, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4236 |
| | § | |
| Randy Tate, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER DISMISSING PETITION**

Before the Court is Respondents' Status Update indicating that Petitioner Darling Perdomo Maldonado is now subject to a final order of removal and that Respondents intend to remove Petitioner from the United States. Doc. 9.

Petitioner is subject to a removal order that became administratively final on August 11, 2026. Doc. 9-1 at 4; *see also* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final[] . . . [u]pon waiver of appeal by the respondent[.]"). Accordingly, Petitioner's detention is statutorily mandated for ninety days after August 11, 2026—unless Petitioner is removed during this removal period. 8 U.S.C. § 1231(a)(2)(A) ("During the

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

removal period, the Attorney General shall detain the alien."); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody.").

For these reasons, Petitioner does not presently have a viable claim that his ongoing detention is unlawful. Therefore, the petition for a writ of *habeas corpus* is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT.

A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd of September, 2026.

Nicholas J. Ganjei
United States District Judge